UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-85-RLV
(5:09-cr-17-RLV-DCK-1)

| | |
|---|---|
| DALE EUGENE ELLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), on his Supplement to his Motion to Vacate, (Doc. No. 6), in which he seeks alternative relief under 28 US.C. § 2241, and under the writs of error coram nobis and audita querela, and on the Government's Motion to Dismiss the Motion to Vacate and the Supplement to the Motion to Vacate, (Doc. 10). Petitioner moves this Court to vacate his conviction on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner is represented by Ann L. Hester of the Federal Defenders of Western North Carolina.

I.    BACKGROUND

Petitioner Dale Eugene Ellis was indicted on March 17, 2009, and charged with distribution of cocaine base, in violation of 21 U.S.C. § 841. (Crim. Case No. 5:09cr17: Doc. 35: Indictment). On August 5, 2009, Petitioner pled guilty to the charge pursuant to a written plea agreement. (Id., Doc. 45: Plea Agreement). The parties agreed that Petitioner was responsible for less than one gram of crack and that Petitioner was a career offender under U.S.S.G. § 4B1.1. (Id. at 2-3). The plea agreement also contained a waiver of Petitioner's right to seek post-

1

conviction relief from either his conviction or sentence based on "28 U.S.C. § 2255, and similar authorities," except for claims based on ineffective assistance of counsel or prosecutorial misconduct. (Id. at 6). Petitioner's Guidelines range of imprisonment, based on a total offense level of 29 and a criminal history category of VI, was between 151 and 188 months. (Id., Doc. No. 51 at 14: PSR). Ultimately, this Court sentenced Petitioner on March 1, 2010, to 151 months of imprisonment, the low end of the guidelines range. (Id., Doc. No. 53: Judgment). Petitioner did not appeal.

On February 24, 2011, Petitioner filed a motion to vacate under 28 U.S.C. § 2255, alleging claims of ineffective assistance of counsel and other claims. This Court denied his motion to vacate on August 10, 2011. See Ellis v. United States, No. 5:11cv22, 2011 WL 2503118 (E.D.N.C. Aug. 10, 2011), appeal dismissed, 465 Fed. App'x 259 (4th Cir. 2012). On June 20, 2012, Petitioner placed the instant motion to vacate in the prison system for mailing, and it was stamp-filed in this Court on June 26, 2012. (Doc. No. 1). On May 7, 2013, Petitioner filed a Supplement to the motion to vacate, seeking alternative relief under 28 U.S.C. § 2241 or under the writs of coram nobis or audita querela. (Doc. No. 6). On February 26, 2014, after receiving an Order from this Court to respond, the Government filed a motion to dismiss Petitioner's action, contending as its sole ground for dismissal that, in his plea agreement, Petitioner waived the right to bring this action. (Doc. No. 10).

**II.    STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the

argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

First, to the extent Petitioner is purporting to seek relief pursuant to a second § 2255 petition, his petition is an unauthorized, successive petition and will therefore be dismissed.[1]  See 28 U.S.C. § 2244(b)(3)(A).  Next, as the Court has already noted, the parties' plea agreement contained a waiver of Petitioner's right to seek post-conviction relief from either his conviction or sentence based on "28 U.S.C. § 2255, and similar authorities," except for claims based on ineffective assistance of counsel or prosecutorial misconduct.  (Id., Doc. No. 35 at 6) (emphasis added).  This waiver not only applies to petitions filed pursuant to § 2255, but it also applies to § 2241 petitions and petitions for the writs of coram nobis or audita querela.  Accord United States v. Morgan, 7:01cr36-F-1, 2013 WL 6117547, at *2 (E.D.N.C. Nov. 20, 2013).  A waiver in a plea agreement is enforceable as long as the defendant waives this right knowingly and voluntarily.  See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

---

[1] Petitioner sought authorization from the Fourth Circuit Court of Appeals to file a successive petition, but the Fourth Circuit denied authorization in an order dated July 12, 2012.  See (Crim. Case No. 5:09cr17, Doc. No. 66).

3

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding, except through claims of ineffective assistance of counsel or prosecutorial misconduct. See (Crim. Case No. 5:09cr17, Doc. No. 46: Acceptance and Entry of Guilty Plea). Moreover, this Court has already held, in its order denying Petitioner relief in his first § 2255 petition, that his plea was not coerced and that he was bound by the statements he made at the Plea and Rule 11 hearing. See Ellis v. United States, No. 5:11cv22, 2011 WL 3503118, at **4-5 (E.D.N.C. Aug. 10, 2011), appeal dismissed, 465 Fed. App'x 259 (4th Cir. 2012). Petitioner's Simmons claim does not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, Petitioner waived in his plea agreement the right to bring his Simmons claim, and this action will be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 petition and his alternative grounds for relief brought under § 2241 and the writs of coram nobis and audita querela.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 and the Supplement to the Motion to Vacate (Doc. Nos. 1; 6), are **DENIED** and **DISMISSED**.

2. The Government's Motion to Dismiss, (Doc. No. 10), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 3, 2014

Richard L. Voorhees
United States District Judge